**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X
HUA TIAN,
 *on behalf of himself and others similarly situated*,

                                    Plaintiff,           **Case No.: 20-cv-1950 (GHW)**

               -against-                     **29 U.S.C. § 216(b)**
                                       **COLLECTIVE ACTION**
NEW OOKI SUSHI, INC.,                **and Fed. R. Civ. P. 23**
d/b/a Ooki Sushi Japanese Cuisine & Bar,     **CLASS ACTION**
XIN SHU LIU, BAOGUI KE a/k/a "Sam" Ke, and
SHEN MING YU a/k/a ERIC YU,         **FIRST AMENDED**
                                         **COMPLAINT**

                                Defendants.
-------------------------------------------------------------- X

Plaintiff HUA TIAN (hereinafter referred to as "Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorney, Ricardo R. Morel, Esq., brings this First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) against Defendants NEW OOKI SUSHI, INC., d/b/a Ooki Sushi Japanese Cuisine & Bar, XIN SHU LIU, BAOGUI KE, and SHEN MING YU a/k/a Eric Yu (collectively, "Defendants")[1], and alleges as follows:

### NATURE OF THE ACTION

1.     This action is brought by Plaintiff, on behalf of himself and other similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.* and of the New York Labor Law ("NYLL") and

---

[1] A complaint with the foregoing allegations was filed on March 5, 2020; except that the true names of individual defendants were unknown at that time, and are being corrected in the caption and body herein, pursuant to Fed R. Civ. P. 15(a)(1)(B), as Defendants filed an answer to the Complaint on September 3, 2020 [DE 56].

implementing New York Codes, Rules and Regulations ("NYCRR"), arising from Defendants' various willful and unlawful employment practices, polices and patterns.

2.    Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA, NYLL, and NYCRR by engaging in a pattern and practice of failing to pay their employees minimum wages for each hour worked, overtime for all hours worked in excess of forty (40) in each workweek, and spread-of-hours for all hours worked in excess of ten (10) in each workday.

3.    Moreover, Defendants willfully failed to record all the time that Plaintiff and similarly situated employees have worked, including time worked in excess of forty (40) hours per week and ten (10) hours per day.

4.    Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from Defendants: (1) unpaid minimum wages; (2) unpaid overtime; (3) breach of implied contract for reimbursement of all costs and expenses of purchasing and operating his delivery vehicles on behalf of Defendants; (4) liquidated damages; (5) pre- and post-judgment interest; and (6) attorneys' fees and costs.

5.    Plaintiff further alleges pursuant to NYLL § 650 *et seq.* and 12 New York Codes, Rules and Regulations ("NYCRR") §146, that he is entitled to recover from Defendants: (1) unpaid minimum wage compensation; (2) unpaid overtime wage compensation; (3) breach of implied contract for reimbursement of all costs and expenses of operating delivery vehicles on behalf of Defendants; (4) up to five thousand dollars ($5,000) for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday; (5) up to five thousand dollars ($5,000) for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name,

employer's name, employer's address and telephone number, employee's rate or rates of pay, any deduction made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day; (6) unpaid spread-of-hours compensation; (7) liquidated damages equal to one hundred percent (100%) of the sum of unpaid minimum wages, unpaid "spread-of-hours" premium, and unpaid overtime, under the New York Wage Theft Prevention Act, N.Y. S.N. 8380; (8) nine percent (9%) simple pre-judgment interest as provided by the New York Civil Practice Law and Rules ("CPLR") § 5004; (9) post-judgment interest; and (9) reasonable attorneys' fees and costs.

## JURISDICTION

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

7.      This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. §1367(a), because these claims are so closely related to Plaintiff's federal wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.

8.      The statute of limitations under the FLSA for willful violations is three (3) years. *See* 29 U.S.C. 255 (a). The statute of limitations under the NYLL is six (6) years. *See* New York Labor Law §198(3).

**VENUE**

9.      Venue is proper in the Southern District of New York pursuant to

28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business and maintain a

business address in this District, and the events and omissions giving rise to the claims

alleged herein occurred in this District.

**THE PARTIES**

**PLAINTIFF**

10.      Plaintiff HUA TIAN is a resident of the State of New York. He was

employed as a delivery person by Defendant NEW OOKI SUSHI, INC. d/b/a Ooki Sushi

Japanese Cuisine & Bar, located at 1575 3rd Avenue, New York, NY 10128; from

**May 16, 2014 to October 13, 2019; and February 4, 2020 to February 23, 2020.**

11.      At all times during the term of Plaintiff's employment at NEW OOKI

SUSHI INC. d/b/a Ooki Sushi Japanese Cuisine & Bar, at its restaurant operations at

1575 3rd Avenue, NYC, Plaintiff was an employee within the meaning of the FLSA and

NYLL. 29 U.S.C. §203(e); New York Labor Law §651(5). Plaintiff was a worker

economically dependent on the business of the Defendants, and his labor was an integral

part essential to Defendants' business.

12.      At all times relevant to this action, Plaintiff was engaged in commerce

because Plaintiff handled, used or otherwise worked on goods or materials that had been

moved in or produced for interstate commerce.

**DEFENDANTS**

***Corporate Defendant***

13.     Defendant NEW OOKI SUSHI, INC. d/b/a Ooki Sushi Japanese Cuisine & Bar (hereinafter "OOKI SUSHI" or "Corporate Defendant") is an active Domestic Business Corporation organized under the laws of the State of New York with a principal address at 1575 3rd Avenue, New York, NY 10128 (DOS ID #4430355, July 12, 2013). Its predecessor OOKI SUSHI, INC., was registered with the NY Secretary of State on Sept. 22, 2006 at the same address, with Xin Shu Liu as C.E.O., dissolved on 5/22/14 (DOS ID #3415881).

14.     Upon information and belief from its website, OOKI SUSHI and its predecessor have operated a restaurant located at 1575 3rd Ave,, NYC since 2007.

15.     On information and belief, OOKI SUSHI is a business engaged in interstate commerce, with annual gross sales of at least $500,000.00.

16.     OOKI SUSHI purchased/handled goods moved in interstate commerce.

17.     OOKI SUSHI is an employer pursuant to the FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder.

18.     OOKI SUSHI acted intentionally, maliciously and in bad faith.

### Individual Defendants

19.     Individual Defendants XIN SHU LIU (hereinafter "Defendant Liu") and BAOGUI KE a/k/a "Sam" Ke (hereinafter "Defendant Ke") are partners, officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendant, and being among the ten largest corporate shareholders are individually responsible for unpaid wages under the New York Business Corporation Law ("NYBSC") § 630(a).

20.     Defendant Liu is the C.E.O. and owner of the Corporate Defendant, who (1) had the power to hire and fire employees, (2) supervised and controlled employee

work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at OOKI SUSHI.

21.    Defendant Liu is an employer pursuant to the FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations thereunder, and is jointly and severally liable with the Corporate Defendant.

22.    Defendant KE, known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at the Corporate Defendant's restaurant operations.

23.    Defendant KE is an owner and officer of NEW OOKI SUSHI, INC. d/b/a Ooki Sushi Japanese Cuisine & Bar.

24.    Defendant Liu is an employer pursuant to the FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations thereunder, and is jointly and severally liable with the Corporate Defendant.

25.    Defendant KE acted intentionally, maliciously and in bad faith.

26.    Upon information and belief, "JOHN DOE" is an owner and officer of NEW OOKI SUSHI INC. d/b/a Ooki Sushi Japanese Cuisine & Bar.

27.    Defendant SHEN MING YU a/k/a Eric Yu ("Defendant Yu") was an employee, with delegated duties as a manager, known as "boss" and "manager" to Plaintiff, did supervise Plaintiff's work at the restaurant operated by OOKI SUSHI.

28.    Defendant Yu, holding himself out and acting as manager to Plaintiff, is an employer pursuant to the FLSA, 29 U.S.C. § 203(d), and regulations promulgated

thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations thereunder, and is jointly and severally liable with the corporate and individual Defendants.

## STATEMENT OF FACTS

29.     Beginning on or about **May 16, 2014**, Defendants employed Plaintiff HUA TIAN ("Plaintiff") to perform work as a Delivery Person at the Defendants' restaurant operations at 1575 3rd Avenue, New York, NY 10128.

30.     As part of his employment, Plaintiff was required to purchase and maintain a motorized bicycle with which to make deliveries on behalf of Defendants. Plaintiff purchased three (3) such vehicles, because the first two were stolen. Defendants did not reimburse Plaintiff for said expenses and maintenance costs.

31.     On **October 13, 2019**, while making deliveries for Defendants, Plaintiff suffered an accident in which he was injured and required hospitalization. Without wages, Plaintiff was laid up  until **February 3, 2020**, on which date he was called back to work for Defendants.

32.     On **February 4, 2020**, Plaintiff returned to work for Defendants. He could not withstand the work, however, due to his injuries. He left on **February 23, 2020**.

33.     During his employment with Defendants, Plaintiff worked as follows:

**Period 1:  May 16, 2014 to October 13, 2019**

34.     From **May 16, 2014 to and including October 13, 2019** ("Period "1") [a total of 5 years, 4 months and 28 days; or 282 weeks and 3 days], Defendants required Plaintiff to work seven (7) days per week under the following schedule and hours:

05/16/2014 – 10/16/2015 ("Period 1A"):    5:30 PM to 11:30 PM (**42 hours**).
10/17/2015 – 12/31/2018 ("Period 1B"):    11:30 to 22:00 x 3 days (**31.5 hours**);
                                          17:30 to 22:00 x 4 days (**22 hours**).

01/01/2019 – 10/13/2019 ("Period 1C"):    11:30 – 22:00 x 3 days (**31.5 hours**);
                                          17:30 – 21:30 x 4 days (**16 hours**).

Thus, for "Period **1A**", Plaintiff worked **42 hours per week**. For "Period **1B**", Plaintiff worked **53 hours per week**. For "Period **1C**", he worked **47.5 hours per week**.

35.    **Overtime**. During the "Period 1" of employment, Plaintiff worked the following overtime hours weekly (over forty (40)) in a workweek:

(1) Period "1A": **2 hours**; Period "1B": **13 hours**; Period "1C": **7.5 hours**.

36.    **Wages**. During "Period 1" of employment, Plaintiff was paid a monthly salary (paid every 15 days), regardless the number of hours worked, as follows:

2014 – 2015:   $900.00 per month.
2016 – 2018:   $1,100.00 per month.
2019 –      :   $1,246 per month.

37.    These wages were paid in part by check, and the remainder in cash. For their own tax purposes, Defendants did not report or record all of the hours actually worked by Plaintiff, nor all of the cash that he was actually paid. Purported "paystubs" incorrectly recorded significantly less hours worked; and improperly recorded a "tip credit" being deducted from pay.

38.    **Regular Rate of Pay**. The hourly rate of pay was thus the following:

2014 – 2015:   $4.95 per hour [$900 x 12/52 / 42]
2016 – 2018:   $4.79 per hour [$1,100 x 12/52 / 53]
2019 – 2020:   $6.00 per hour [$1,246 x 12/52 / 47.5]

39.    In January 2019, Plaintiff got a "raise," but he was then deducted $7.50 per meal – whether or not he ate the meal – so the "raise" was illusory.

40.    Although Plaintiff received tips for his delivery work, he was required to regularly perform non-tipped work, such as (1) packing foods; (2) cleaning and

miscellaneous maintenance at the restaurant; (3) assisting other employees as needed, under supervision by Defendant Yu.

41.    Defendants deducted a "tip credit" from Plaintiff's wages, but he was never informed of the tip credit provisions as required by FLSA Section 3(m).

42.    Plaintiff did not understand English, and any information contained in "paystubs" was not communicated to him in his native language, in any way.

**Period 2:  February 4, 2020 to February 23, 2020**

43.    From **February 4, 2020 to February 23, 2020** (**"Period 2"**) [a total of nineteen (19) days; or two (2) weeks and five (5) days], Defendants required Plaintiff to work seven (7) days per week under the following schedule and hours:

02/04/2020 – 02/23/2020:    11:30 – 22:00 x 3 days (**31.5 hours**);
                                              17:30 – 21:30 x 4 days (**16 hours**).

Thus, for "Period **2**", Plaintiff worked **47.5 hours per week**.

44.    **Overtime**. During the "Period 2" of employment, Plaintiff worked the following overtime hours weekly (over forty (40)) in a workweek: **7.5 hours**.

45.    **Wages**. During "Period 2" of employment, Plaintiff was paid a monthly salary (paid every 15 days), regardless the number of hours worked, as follows:

02/04/2020 – 02/23/2020**:    $1,246** per month.

46.    These wages were paid in part by check, and the remainder in cash. For their own tax purposes, Defendants did not report or record all of the hours actually worked by Plaintiff, nor all of the cash that he was actually paid. Purported "paystubs" incorrectly recorded significantly less hours worked; and improperly recorded a "tip credit" being deducted from Plaintiff's pay.

47.     **Regular Rate of Pay**. The hourly rate of pay was thus the following:

02/04/2020 – 02/23/2020: **$6.00 per hour** [$1,246 x 12/52 / 47.5]

48.     Although Plaintiff received tips for his delivery work, he was required to regularly perform non-tipped work, such as (1) packing foods; (2) cleaning and miscellaneous maintenance at the restaurant; (3) assisting other employees as needed, under the supervision of the individual Defendants, including Defendant Yu.

49.     Defendants deducted a "tip credit" from Plaintiff's wages, but he was never informed of the tip credit provisions as required by FLSA Section 3(m).

50.     Due to injuries sustained while on the job for Defendants on 10/13/2019, Plaintiff found it painful to continue performing the tasks of employment, and he left the employment on February 3, 2020. Upon information and belief, Defendants did not provide Worker's Compensation Insurance for the said job-related injuries.

## DEFENDANTS COMMITTED THE FOLLOWING ALLEGED ACTS KNOWINGLY, INTENTIONALLY, AND WILLFULLY AGAINST PLAINTIFFS:

51.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York City minimum wage for each hour worked.

52.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employees to pay employees overtime.

53.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful overtime of one and one-half times their regular rate of pay for all hours worked over forty (40) in any given workweek, or the statutory amount based on the minimum wage, whichever is greater. In this case, the prevailing minimum wages were greater than the regular rates paid to Plaintiff.

54. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful spread of hours compensation for workdays that began and ended ten (10) hours apart.

55. At all relevant times, Defendants knowingly, willfully and with intent to evade tax obligations, failed to keep full, truthful and accurate records of Plaintiff's hours worked and wages paid.

56. Defendants failed to keep full and accurate records in order to mitigate liability for wage violations, and to evade their tax liabilities.

57. At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiff notice that they were claiming tip credit towards Plaintiff's minimum wage, as required by Section 3(m) of the FLSA. Even if a tip credit were allowed under the NYLL, the amounts purported to be claimed were unlawfully high, and the amounts purportedly paid to the Plaintiff after such credit were unlawfully deficient.

58. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff with a Time of Hire Notice in his primary languages reflecting rates of pay and payday, as well as paystubs that completely and accurately listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any legal and accurate deductions made from employees' wages, any proper allowances claimed as part of the minimum wage, and the employee's correct gross and net wages for each pay day.

59. Although Defendants provided Plaintiff with "paystubs," the information therein was not true or accurate, as such information did not truly or accurately reflect the true hours worked, wages paid, overtime and spread-of-hours compensation, or deduction

for meals, or compensation for Plaintiff's costs for job-related equipment. Moreover, these "paystubs" do not contain, *inter alia*, employer's address, "doing business as" name(s) and other corporate information, and are exclusively in English.

60.     By manufacturing and providing such fictitious "paystubs" in a language they knew was foreign to Plaintiff, the Defendants thus avoided payroll tax obligations.

61.     Defendants knew and took advantage of the fact that Plaintiff was ignorant of such things, and that he simply accepted payments made by check and cash.

62.     Pursuant to 12 NYCRR § 146-2.2; FLSA § 3(m) and 29 U.S.C. § 2039, an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of tip credit provisions. There are also restrictions as to the allowable amount taken as a tip credit. Defendants did not satisfy the statutory requirements, and were not authorized to deduct a tip credit against wages. *See also,* 29 C.F.R. § 531.52.

63.     Defendants knew or should have known that the nonpayment of wages of all hours worked and the nonpayment of wages at one and one-half (1.5x) employee's regular rates or the minimum wage (whichever is greater) would financially injure Plaintiff and similarly situated employees, and violate state and federal laws.

64.     Upon information and belief, at all relevant times, Defendants failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

65.     Defendants did not reimburse Plaintiff for the expenses he incurred by purchase, maintenance and use of a motorized vehicle in order to perform the work on behalf of the employer Defendants.

**Willful Violations**

66.     Defendants' deliberate omissions and overt acts in violation of the applicable federal and state laws, such as Defendants' failure to pay proper wages or to keep proper and accurate records, have been willful, knowing and in bad faith.

67.     Defendants had no good faith basis to believe that their deliberate acts and omissions were not in violation of the FLSA and/or the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

68.     Plaintiff re-alleges the paragraphs above as if thoroughly set forth herein.

69.     Plaintiff brings this action individually and on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case ("Collective Action Period"); who were not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of (40) weekly ("Collective Action Members").

## CLASS ACTION ALLEGATIONS

70.     Plaintiff brings his NYLL claims pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), on behalf of all non-exempt persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case (March 5, 2020) as defined herein (the "Class Period).

71.     All said persons, including Plaintiff, are referred to herein as the "Class."

72.     The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the **records of Defendants**, yet to be produced.

The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from **Defendants' records**. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

### _Numerosity_

73.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown at this time, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the Class.

### _Commonality_

74.    There are questions of law and fact common to the Class which predominate over any questions affecting only the individual class members, including:

a.  Whether Defendants employed Plaintiff and the Class within the meaning of the New York Labor Law;

b.  Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked in New York City under the New York Labor Law;

c.  Whether Plaintiff and Class members are entitled to and are paid overtime under New York Labor Law;

d.  Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours compensation as required by the New York Labor Law;

e.  Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.  Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Rule 23 Class' start of employment and/or timely thereafter;

g.  Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 Class on each payday; and

h.  At what common rate or rates subject to common method of calculation were and are Defendants required to pay the Class members for their work.

### *Typicality*

75.  Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime compensation. They were, furthermore, subject to illegal deductions. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair, wrongful and/or illegal acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### *Adequacy*

76.  Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

### *Superiority*

77.  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute

their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small from the perspective of a class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs visited upon them. Moreover, important public interests will be served by addressing the matter as a Class Action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a Class Action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of a common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this controversy as a Class Action.

78.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so might harm their employment, future employment, and future efforts to secure employment. Class actions provide Class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS
### COUNT I
### Violations of Fair Labor Standards Act – Nonpayment of Minimum Wage
### [Brought on behalf of the Plaintiff and the FLSA Collective]

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the similarly situated Collective Action Members, for some or all of the hours they worked.

81.     Pursuant to 29 U.S.C. §206, "Every employer shall pay to each of his employees who in any work week is engaged in commerce or in the production of goods for commerce, wages [not less than the established minimum wage] per hour."

82.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

83.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

84.     After April 9, 2011, under the New York Wage Theft Prevention Act, 2009 N.Y. S.N. 8380, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus applicable interest.

85.     Within the relevant periods, and upon the prevailing Minimum Wages during the said periods and applicable to the City of New York: there were underpayments of such statutory minimum wages in the amount of **$71,347.40**, plus liquidated damages in the same amount, on account of Defendants' knowing, willful, bad-faith violations of applicable law.

**COUNT II**

**Violation of New York Labor Law – Nonpayment of Minimum Wage**
**[Brought on behalf of Plaintiff and Rule 23 Class]**

86.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

88.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the Class members, for some or all of the hours they worked.

89.     Pursuant to New York Labor Law Article 19 §652, and the supporting New York State Department of Labor Regulations, "Every employer shall pay to each of its employees for each hour worked a wage of not less than [applicable NYC amount] or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. §206 or its successors, or such other wage as may be established in accordance with the provisions of this article."

90.     For New York City, in the instant action, on 12/31/2013, the minimum wage increased to **$8.00** per hour. On 12/31/14, it was increased to **$8.75** per hour. On 12/31/15, the minimum wage was increased to **$9.00** per hour; in 2017, the wage was **$11.00** per hour;  In 2018, the minimum wage in NYC was **$13.00** per hour; in 2019 and 2020, the minimum wage in NYC was **$15.00** per hour.

91.     During the relevant periods herein, Defendants' business has always had eleven (11) or more employees, and being in the City and State of New York, they are subject to the minimum wages appropriate thereto.

92.     Defendants knowingly and willfully violated Plaintiff's and similarly-situated Class members' rights by failing to pay them statutory minimum wages in the lawful amounts for hours actually worked.

93.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) after April 9, 2011, under NY's Wage Theft Prevention Act, under NYLL §§190 *et seq*., plus applicable interest at the rate of 9% per annum.

## COUNT III

### Violations of the Fair Labor Standards Act – Non-payment of Overtime

### [Brought on behalf of Plaintiff and the FLSA Collective]

94.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

95.     Defendants knowingly, willfully, and intentionally failed to pay overtime compensation at the rate of one and one-half times (1.5x) the regular rate for hours worked in excess of forty (40) hours per week, in violation of the FLSA.

96.     Pursuant to 29 U.S.C. §207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

97.     Employer-Defendants herein paid less than required minimum wages during all relevant periods, and so the regular rate must be based on the Minimum Wage applicable to New York City employees. The unpaid overtime compensation, therefore, amounts to **$44,506.97**.

98.     Because of Defendants' willful violation of the FLSA, Plaintiff and the Collective members are entitled to recover from Defendants, jointly and severally, unpaid overtime compensation as calculated, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## COUNT IV

### Violations of New York Labor Law – Nonpayment of Overtime
### [Brought on behalf of the Plaintiff and the Rule 23 Class]

99.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100.    Defendants knowingly, willfully and intentionally failed to pay overtime compensation for hours worked in excess of forty (40) hours a week at a rate of one and one-half times (1.5x) the regular hourly rate, which must be equal to or greater than the minimum wage as set forth in NYLL §652, in violation of NYCRR Tit. 12, §142-2.2.

101.    After April 9, 2011, under the New York Wage Theft Prevention Act, 2009 N.Y. S.N. 8380, an employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

102.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime at one and one-half times (1.5x) Plaintiff and the Class Members' regular hourly rate or the minimum wage, whichever is greater.

103.    Defendants' failure to pay overtime was not in good faith.

**COUNT V**

**Violation of New York Labor Law – Failure to Pay Spread of Hours**
**[Brought on behalf of Plaintiff and Rule 23 Class]**

104.    Plaintiff re-alleges the preceding paragraphs with the same force and effect as though set forth fully herein.

105.    Defendants regularly and knowingly required Plaintiff and others similarly situated to work in excess of ten (10) hours per daily shift. In this case, as to this Plaintiff, over a period of 300 weeks and four days (minus a period of 16 weeks, or 113 days), there are unpaid spread-of-hours wages in the amount of **$7,522.00**.

106.    Defendants knowingly, willfully and intentionally failed to pay Plaintiff and other similarly situated employees one extra hour's compensation at minimum wage rate for every day in which the interval between Plaintiffs' start and end times exceeded ten hours, in violation of NYS regulations. N.Y. Comp. Codes & Regs. 12 §§ 142-2.4.

107.    12 NYCRR 137-1.7 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which ... the spread of hours exceeds 10 hours [in a day]." In this case, during the relevant periods between 10/17/2015 through 02/23/2020, Defendants failed to pay Plaintiff the amount of **$7,522.00**.

108.    Consequently, by failing to pay to the Plaintiff an additional hour's pay at the basic minimum hourly wage when Plaintiff worked more than 10 hours in a shift, Defendants violated NYLL §§ 190 *et seq.*, 12 NYCRR §146-1.6, 12 NYCRR 137-1.7.

109.    Defendants' failure to pay Plaintiff  spread-of-hours was not in good faith.

## COUNT VI

### Violations of New York Labor Law – Failure to Provide Meal Periods
### [Brought on behalf of Plaintiff and Rule 23 Class]

110.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111.    NYLL §162 requires that employers provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11:00 A.M. to 2:00 P.M.; an additional meal period between 5:00 P.M. and 7:00 P.M. of at least twenty (20) minutes for employees whose shift started before 11:00 A.M. and continues later than 7:00 P.M.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts ore than six hours and starts between 1 PM and 6 AM.

112.    Defendants failed to provide meal periods as required by NYLL §162 for every day that Plaintiff and the Rule 23 Class worked or work.

113.    Although the Department of Labor Commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and kept conspicuously posted in the main entrance of the establishment. No such permit is or has been posted.

114.    Although Defendants regularly deducted meals from Plaintiff's wages – which were paid by check and cash – Defendants did not always provide such meals.

115.    Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

## COUNT VII

### Violation of New York Labor Law – Failure to Keep Accurate Records
### [Brought on behalf of Plaintiff and Rule 23 Class]

116.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

117.    Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR §146-2.1.

118.    As a result of Defendants' unlawful conduct, Plaintiff has suffered damages including loss of earning, liquidated damages, prejudgment interest, costs and reasonable attorneys' fees, pursuant to New York State law.

119.    Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiff's labor.

120.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.

## COUNT VIII

### Violation of New York Labor Law – Failure to Provide Time of Hire Wage Notice
### [Brought on behalf of Plaintiff and Rule 23 Class]

121.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

122.    The NYLL and supporting regulations require employers to provide employees with a written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; and *inter* alia, the telephone number of the employer. NYLL §195-1(a).

123.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their first day of employment.

124.     Defendants not only did not provide notice to Plaintiff at Time of Hire, but failed to provide such notice to the Plaintiff even after the fact.

125.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50.00 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law §198(1-b).

## COUNT IX

### Violation of New York Labor Law – Failure to Provide Accurate Pay Stubs Failure to Comply with Notification Requirements and to Maintain Records
### [Brought on behalf of Plaintiff and Rule 23 Class]

126.     Plaintiff re-alleges all preceding paragraphs, as if fully set forth herein.

127.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

128.     Section 195 of the NYLL sets out notice and record-keeping requirements governing employers in the State of New York. Employers are required to keep true and accurate records reflecting the Plaintiffs' employment. Effective October 26, 2009, employers are required to notify employees in writing at the time of hiring of, *inter alia*, the true rate of pay and, for employees who are eligible for overtime, the true overtime rate. The defendants herein, jointly and severally, are clearly in violation of NYLL §195.

129.    Pursuant to 12 NYCRR §142-2.6, employers are also required to establish, maintain and preserve for not less than six years, weekly payroll records which, *inter alia*, shall show for each employee: name and address; social security number; wage rate; the number of hours worked daily and weekly, including time of arrival and departure for each employee working a split shift or spread of hours exceeding ten (10) hours; the amount of gross wages; deductions from gross wages; allowances, if any, claimed as part of the minimum wage; and the net wages paid. These must be true and accurate.

130.    By failing to maintain true, accurate and legible records for Plaintiff of the time worked on a daily and weekly basis and their times of arrival and departure from their restaurants, the Defendants violated 12 NYCRR §142-2.6.

131.    Due to Defendants' violations of the NYLL, the Plaintiffs herein are entitled to recover from Defendants, jointly, and severally, $250 for each workday of the violation, up to $5,000 together with costs and attorneys fees pursuant to NYLL 198(1-d).

## COUNT X

### Violation of Internal Revenue Code – Fraudulent Filing of IRS Returns
### [Brought on behalf of Plaintiff and Rule 23 Class]

132.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth at length herein.

133.    26 USC § 7434 provides that if any person willfully files a fraudulent tax return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person filing such a return. NY Business Law § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

134.    Due to Defendants' violations of NYGBS § 349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

135.    Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporations to recover wages owed as employees of the corporations.

## COUNT XI
## Violation of NY Law - Failure to Provide Worker's Compensation Insurance
### [Brought on behalf of Plaintiff and Rule 23 Class]

136.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth at length herein.

137.    On October 13, 2019, in the performance of his labor for Defendants, Plaintiff suffered an accident which caused him serious injuries, hospitalization, and loss of wages.

138.    Pursuant to Section 51 of the Workers' Compensation Law, employers must post a Form Notice of Compliance – Workers' Compensation Law (C-105). The Workers' Compensation Board prescribes Form C-105 and requires that the form include the name, address and phone number of the insurer and the policy number of the employer. It must be posted in a conspicuous place in the employer's place of business. Violations of this requirement can result in a fine of up to $250 per violation.

139.    Not only did Defendants fail to comply with the said notice of compliance, but they refused and failed to provide required relief to Plaintiff upon the occurrence of injuries he sustained within the scope of his labor for Defendants.

140.    Defendants callously and unlawfully considered Plaintiff's injuries, which he sustained while performing the tasks of employment for Defendants, as a

mishap for which Defendants bore no responsibility. When they determined that Plaintiff had sufficiently recovered from the said injuries sustained within the scope of his employment, Defendants induced and suffered Plaintiff to resume labor activities on behalf of the Defendants' business.

141.    As a result of the Defendants' violations of the said New York laws, they are liable for damages to the Plaintiff, in an amount to be determined.

142.    The Defendants' violation in failing to provide workers' compensation for injuries sustained within the scope of employment, affect not only the Plaintiff but the Class and Collective members herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of himself, and on behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Certification of this case as a collective action Pursuant to the FLSA;

b) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and counsel to represent the Collective Action members;

c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

d) An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in the unlawful practices set forth herein;

e) An award of compensatory damages equal to the unpaid minimum wage, overtime, and spread of hours due to Plaintiff and the Collective under FLSA, and to Plaintiff and the Class under the NYLL, plus punitive and/or liquidated damages equal to compensatory damages under the New York Wage Theft

Prevention Act for Defendants' willful failure to pay minimum wage, overtime, and spread of hours;

f) Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire notice as prescribed by applicable law;

g) Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that list, *inter alia,* employer's address and telephone number, employee's accurate rate or rates of pay, lawful deductions made from employee's wages, any lawful allowances claimed as part of the minimum wage, and the employee's true gross and net wages for each pay day;

h) Reimbursement of reasonable out-of-pocket costs sustained by Plaintiff and similarly situated delivery couriers in the purchase, maintenance, and repair of their delivery vehicles in direct service of Defendants;

i) An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

j) The costs and disbursements of this action;

k) An award of prejudgment and post-judgment interest;

l) Providing that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal with no appeal then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4);

m) Final Judgment in favor of Plaintiff in the amount of **$256,753.00**, and for the similarly situated employees in the Collective and Class in amounts to be determined, plus reasonable attorneys' fees, costs and interest; and

n) Such other and further legal and equitable relief as this Court deems necessary, just and proper under the premises.

Dated: Flushing, New York
September 14, 2020

/s/ Ricardo R. Morel            .
Ricardo R. Morel, Esq. (RM2693)
*Attorney for Plaintiff, proposed*
*FLSA Collective and proposed*
*Class Plaintiffs.*

39-15 Main Street – Suite 318
Flushing, New York 11354
(454) 362-8960
Esquire1998@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify, that on this the 14th day of September, 2020, I am filing the foregoing on the ECF system, which will provide Notice of Electronic Filing on Defendants by their authorized and registered representatives. Further, that on this date, I am serving the foregoing on the unrepresented defendant by depositing a true copy thereof in an official depository of the United States Postal Service, in an postage-paid envelope addressed to:

Shen Ming Yu a/k/a Eric Yu
NEW OOKI SUSHI, INC. d/b/a Ooki Sushi Japanese Cuisine & Bar
1575 3rd Avenue, New York, NY 10128

Dated: September 14, 2020

  /s/  Ricardo R. Morel            .
Ricardo R. Morel, Esq.
3915 Main Street – Suite 318
Flushing, New York 11354