2UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
HUA TIAN,

                         Plaintiff,          Case No. 20-cv-1950 (GHW) (BCM)

v.

NEW OOKI SUSHI, INC., et al.,          **JOINT LETTER**
                                                     **TO APPROVE SETTLEMENT**
                        Defendants.
------------------------------------------------------------ X

December 23, 2020

Honorable Barbara C. Moses
United States Magistrate Judge
United States District Court – Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Honorable Judge:

      In compliance with this Court's Order filed on 12/10/2020 [DE 90], directing the parties to submit, *inter alia*, a joint letter demonstrating that their settlement is fair and reasonable, and that it should be approved in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012); and consistent with the considerations set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the undersigned parties respectfully submit the following:

      On December 8, 2020, the parties appeared before your Honor at a Settlement Conference, at which they agreed to settle their *bona fide* dispute, including claims brought under the Fair Labor Standards Act (FLSA), and thereafter consented to your Honor's authority for all remaining proceedings pursuant to 28 USC § 636(c).

      A proposed settlement agreement is submitted herewith for approval.

1

1. **The Settlement Agreement is fair and reasonable.**

Consistent with the rationale and holdings in *Cheeks,* and the factors enumerated in *Wolinsky* (Furman, D.J.), the parties respectfully submit that their Settlement Agreement reflects a fair and reasonable resolution of the controversy.

Following arms-length negotiations between experienced counsel, and a settlement conference that lasted over four (4) hours with all parties present with counsel, they have agreed to settle the matter for **Forty Thousand Dollars ($40,000)**. Subject to the Court's approval, this amount is to be paid in installments: **(a) $30,000.00** within one week of the Court's approval; **(b) $3,000.00** four (4) moths thereafter; **(c) $3,000.00** one (1) month after the second payment; and **(d) $4,000.00** one (1) month after the third payment.

Defendants deny the material allegations of Plaintiff's complaint. They have provided documents disputing Plaintiff's claims regarding wages and hours. Plaintiff disputes the authenticity of such documents. This portends trial challenges and protracted litigation.

Plaintiff understands that if he were to prevail at trial, he can recover more than the settlement amount. However, given the vagaries of trial, collectability issues thereafter, and Defendants' manifested intent to present such issues: Plaintiff understands that the agreed-to settlement is advisable and acceptable.

There is significant discrepancy between Plaintiff's alleged maximum range of recovery and the amount of settlement [the amount of settlement is 15.42% of maximum recovery]. For reasons set forth below, Plaintiff has freely chosen to settle on the terms of the Agreement.

**Analysis**:

In determining whether an FLSA settlement agreement is fair and reasonable, as stated in *Wolinsky v. Scholastic Inc.*, 200 F.Supp. 2d 332, 335 (S.D.N.Y. 2012), "A court should consider the totality of circumstances, including:

> (1) Plaintiff's range of possible recovery; (2) Extent to which the settlement enables parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) Seriousness of litigation risks faced by the parties; (4) Whether the settlement agreement is the product of arm's length bargaining between experienced counsel; (5) Possibility of fraud or collusion." (Underline provided).

(1) Attached hereto (Exhibit "A") is a statement which sets forth detailed calculations of the potential damages. According to Plaintiff Tian's calculations, his <u>range of possible recovery</u> is approximately **$259,470.00** (amounts rounded off). This includes: (a) $71,347.00 unpaid Minimum Wages; (b) $45,865.00 unpaid Overtime; (c) $7,522.00 unpaid "spread-of-hours;" (d) $124,735.00 Statutory Damages; and (d) Legal Fees, Costs, and Interest. Counsel's time and expense record is submitted. However, the proposed award of fees and costs, memorialized in the settlement agreement, is less than invoiced, per the contingency agreement, as amended.

Under the settlement agreement, Plaintiff is receiving $40k plus a reduction of $5k from the contingency fee agreement with counsel, as amended. Thus, Plaintiff is actually receiving $45,000.00. Deducting costs in the amount of **$1,075.00**, and stipulated payment to counsel in the amount of **$8,332.00** (33.33% of $40k minus $5k), Plaintiff will receive **$30,593.00**.

There is a significant discrepancy between the amount originally claimed and the amount of settlement. Although the agreed amount is less than the doubling in liquidated damages, penalties, fees and costs, this is offset by the obviation of risks and costs of continued litigation.

(2) <u>The proposed agreement enables the parties to avoid the anticipated burdens and expenses in establishing their claims and defenses</u>. Considered in the context of the time and expense associated with continuing to litigate this matter and the defenses asserted by Defendants, the Court should find the proposed settlement amount acceptable. *See, Lara v. Air Sea Land Shipping & Moving, Inc.*, No. 19-CV-8486-PGG-BCM, 2019 U.S. Dist. LEXIS 199903, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) [approving settlement of FLSA overtime claim where "damages would be vigorously contested, making a compromise figure appropriate for settlement].

Over a period of more than four hours, in discussions before the impartial Court on 12/08/2020, it was the reasoned conclusion of the parties and the Court that the proposed agreement fulfills the second *Wolinsky* factor.

This case is far from trial ready. There remain discovery disputes, and motion practice is anticipated. At this juncture, plaintiff's accrued legal fees and costs are already **$22,460.00**.

In light of the issues in dispute, and the parties' diametrically conflicting evidentiary challenges, the proposed agreement thus obviates significant, anticipated burdens and expenses in establishing the claims and defenses.

(3) The seriousness of the litigation risks faced by the parties was clear at the settlement conference. Plaintiff risks a pyrrhic victory in the form of a judgment fraught with collectability difficulties and expense, over a long period of time. Defendants face the prospect of a judgment with a lifespan of 20 years. While Defendants face Plaintiff's assertions that the employer's records are unreliable, non-compliant and allegedly fictitious and contrived; Plaintiff faces the burden of establishing that this is so. "He said, they said," with years of litigation ahead.

(4) This Settlement Agreement is the product of arm's length bargaining between experienced counsel. Respective counsel are experienced with these cases, and their offices have litigated this case since the beginning. Plaintiff's counsel has been in private practice for over 22 years, and has successfully prosecuted and defended FLSA & NYLL cases during the past 4 years. Defendants' counsel has defended this type of case for many years, as well. Throughout this case, counsel have engaged in zealous advocacy, litigation and bargaining. The settlement agreement is the product of arm's length bargaining at a lengthy settlement conference.

(5) In light of the adversarial advocacy as stated above, and as reflected in the Docket, there is no doubt that there is no fraud or collusion.

## 2.    Claims and Defenses.

There are strengths and weaknesses on both sides. Plaintiff has manifested a credible recollection of events and circumstances in support of his wage and hour claims. Defendants produced documents to contradict some of Plaintiff's claims. The evidentiary challenge for Defendants is clearly set out by the FLSA and NYLL, to wit, that it is the Employer's burden, not the Employee's, to produce accurate employment records. Plaintiff claimed that Defendants' records are fictitious, insufficient and non-compliant with the law. Defendants have asserted the authenticity of these records. The credibility and reliability of such evidence are for a fact-finder to determine. Under the circumstances and the vagaries of trial, Plaintiff bears the burden to make his *prima facie* case. The burden shifts to Defendants to show that they acted in good faith. Under the premises, Plaintiff has pragmatically chosen to settle.

## 3.    Other Factors Justifying Agreement.

Given the defendants' expressed intentions, we can reasonably expect that collectability of any judgment would be a problem well into the foreseeable future.

4. **Attorney Fee Arrangement.**

From the inception of this case, it was understood between Plaintiff's Attorney and Client that the attorney would receive one-third (1/3) of recovery, which is normal in these cases. A Contingency Agreement is submitted herewith.

To facilitate settlement, Plaintiff's counsel agreed to reduce the contingency fee by $5k.

Plaintiff's counsel will receive **$8,332.00** from settlement amount [$40k x 33.33% - $5k]. Per Time & Expense invoicing submitted herewith, fees exclusive of expenses are actually **$21,385**. Thus, the compromised amount to be received by counsel is 39% of actual legal fees accrued.

Costs and expenses total **$1,075.00**. [These costs will be deducted prior to distribution].

After counsel fees and costs, Plaintiff receives **$30,593.00** [$40k-$8,332-$1,075]. Without statutory damages, this represents 24.5% of recovery range [$30,593 = 24.5% of $124,735].

Plaintiff would receive this immediately, as opposed to an indefinite and uncertain future.

The agreed payments will be made to Ricardo R. Morel, As Attorney, for deposit to his Citibank Escrow Account (IOLA), and he will make proper distributions therefrom.

The legal fees paid to Plaintiff's counsel, and the expenses charged, are reasonable.

**WHEREFORE**, the parties respectfully request that this Court approve their settlement agreement, because the agreement is fair, reasonable, and resolves a *bona fide* dispute.

Respectfully submitted,

| | |
|---|---|
| /s/ *Ricardo Morel*                 . <br> Ricardo R. Morel, Esq. (RM2693) <br> *Attorney for Plaintiff* <br> 39-15 Main Street – Suite 318 <br> Flushing, NY 11354 <br> (424) 362-8960 <br> Esquire1998@gmail.com | Hui Chen & Associates, PLLC <br><br> By:    /s/ *Hui Chen.*                 . <br>         Hui Chen, Esq. <br> *Attorneys for Defendants* <br> 136-20 38th Avenue – Suite 9E <br> Flushing, NY 11354 <br> (718) 463-2666 |

# EXHIBIT "A"

## DAMAGE CALCULATIONS

US DISTRICT COURT – SOUTHERN DISTRICT OF NEW YORK
CASE NO. 20-CV-1950
COLLECTIVE AND CLASS ACTION

---

PLAINTIFF:         HUA TIAN

DEFENDANTS:   NEW OOKI SUSHI INC. d/b/a Ooki Sushi Japanese Cuisine & Bar;
XIN SHU LIU a/k/a "John" Liu; JOHN KE; JOHN DOE

---

CALCULATION OF DAMAGES -  HUA TIAN

Position: Delivery Person

*May 16, 2014 to October 13, 2019*
(*5 years, 4 months, 27 days = 282 Weeks + 2 Days*)

*February 4, 2020 to February 23, 2020*
(*20 days*)

**TOTAL WEEKS WORKED**:         **282 weeks + 22 days**

**HOURS WORKED PER WEEK**:
1. 05/16/2014 – 10/16/2015:   **42 Hours**
2. 10/17/2015 – 12/31/2018:   **53.5 Hours**
3. 01/01/2019 – 02/23/2020:   **47.5 Hours**

**WEEKLY WORK SCHEDULE**:
1. 05/16/2014 – 10/16/2015:
**5:30 PM – 11:30 PM x 7 days**  (42 hrs.)

2. 10/17/2015 – 12/31/2018:
**11:30 AM – 10:00 PM x 3 days** (31.5 hrs.)
**4:30 PM – 10:00 PM x 4 days**    (22 hrs.)

3. 01/01/2019 – 02/23/2020:
**11:30 AM – 10:00 PM x 3 days**  (31.5 hrs.)
**5:30 PM – 9:30 PM x 4 days**     (16 hrs.)

\* Note: Plaintiff did not work from 10/14/19 to 02/03/20 (he was injured on the job). He returned to work on 02/04/2020, and resumed the same schedule (#3 above), until his last day 02/23/2020.

- 1 -

- 2 -

**OT HOURS PER WEEK**:  1.  05/16/2014 – 10/16/2015:  **2 Hours**
2.  10/17/2015 – 10/13/2019:  **13.5 Hours**
3.  02/04/2020 – 02/23/2020:  **7.5 Hours**

**RATE OF PAY**:  1.  05/16/2014 – 12/30/2015:  **$900.00/month** ($4.95 per hour)[1]
2.  01/01/2016 – 12/31/2018:  **$1,100/month** ($4.79 per hour)[2]
3.  01/01/2019 – 02/23/2020:  **$1,246/month** ($6.00 per hour)[3]

**NYC MINIMUM WAGE**:[4]
2014:  $8.00
2015:  $8.75
2016:  $9.00
2017:  $11.00
2018:  $13.00
2019:  $15.00
2020:  $15.00

**OVERTIME RATE**:
2014:  **$12.00** ($8.00 x 1.5)
2015:  **$13.00** ($8.75 x 1.5)
2016:  **$13.50** ($9.00 x 1.5)
2017:  **$16.50** ($11.00 x 1.5)
2018:  **$19.50** ($13.00 x 1.5)
2019:  **$22.50** ($15.00 x 1.5)
2020:  **$22.50** ($15.00 x 1.5)

---

[1] $900 x 12 / 52 = $208/week = $4.95/hour (42 hours)
[2] $1,100 x 12 / 52 = $254/week = $4.79/hour (53 hours)
[3] $1,246 x 12 / 52 = $288/week = $6.00/hour (47.5 hours)
[4] NYC Minimum Wage increases went into effect on December 31 of the previous year.

## UNPAID WAGES

**MW DEFICITS**: [5]   [1]   05/16/14 – 12/31/14 = **$122.00/week** ($8.00 - $4.95 = $3.05/hour)
[2]   01/01/15 – 10/16/15 = **$152.00/week** ($8.75 – $4.95 = $3.80/hour)
[3]   10/17/15 – 12/31/15 = **$158.40/week** ($8.75 - $4.79 = $3.96/hour)
[4]   01/01/16 – 12/31/16 = **$168.40/week** ($9.00 - $4.79 = $4.21/hour)
[5]   01/01/17 – 12/31/17 = **$248.49/week** ($11 - $4.79 = $6.21/hour)
[6]   01/01/18 – 12/31/18 = **$328.40/week** ($13 - $4.79 = $8.21/hour)
[7]   01/01/19 – 10/13/19 = **$360.00/week** ($15 - $6.00 = $9.00/hour)
[8]   02/04/20 – 02/23/20 = **$360.00/week** ($15 - $6.00 = $9.00/hour)

**OT DEFICITS**: [6]   [1]   05/16/14-12/31/14 = **$24.00/week** ($12.00 x 2 hours)
[2]   01/01/15-10/16/15 = **$26.00/week** ($13.00 x 2 hours )
[3]   10/17/15-12/31/15 = **$175.50/week** ($13.00 x 13.5 hours)
[4]   01/01/16-12/31/16 = **$182.25/week** ($13.50 x 13.5 hours)
[5]   01/01/17-12/31/17 = **$222.75/week** ($16.50 x 13.5 hours)
[6]   01/01/18-12/31/18 = **$263.25/week** ($19.50 x 13.5 hours)
[7]   01/01/19-10/13/19 = **$168.75/week** ($22.50 x 7.5 hours)
[8]   02/04/20-02/23/20 = **$168.75/week** ($22.50 x 7.5 hours)

## MINIMUM WAGES DUE

[1]   33 weeks (@ $122.00) = **$4,026.00**
[2]   41 weeks (@ $152.00) = **$6,232.00**
[3]   11 weeks (@ $158.40) = **$1,738.00**
[4]   52 weeks (@ $168.40) = **$8,756.80**
[5]   52 weeks (@ $248.40) = **$12,916.80**
[6]   52 weeks (@ $328.40) = **$17,076.80**
[7]   40 weeks (@ $360.00) = **$18,720.00**
[7a]  5 days @ $9/hr. x 5.7 hrs./day = **$256.50**
[8]   19 days (@ $15/hr. x 5.7 hrs.)  = **$1,624.50**

**TOTAL UNPAID MINIMUM WAGES:   $71,347.40**.

---

[5] Minimum Wage minus Wage Paid (for 40-hour weekly period).
[6] Prevailing Minimum Wage x 1.5 x weekly OT hours worked.

- 3 -

## OVERTIME WAGES DUE

[1]  33 weeks (@ $24.00) = **$792.00**
[2]  41 weeks (@ $26.00) = **$1,066.00**
[3]  11 weeks (@ $175.50) = **$1,930.50**
[4]  52 weeks (@ $182.25) = **$9,477.00**
[5]  52 weeks (@ $222.75) = **$11,583.00**
[6]  52 weeks (@ $263.25) = **$13,689.00**
[7]  40 weeks (@ $168.75) = **$6,750**
[7a]  5 days @ $22.50 x 1.07/day pro rata) = **$120.54**
[8]  19 days @ $22.50 x 1.07/day pro rata) = **$457.43**

**TOTAL UNPAID OVERTIME:      $45,865.47**.

## SPREAD-OF-HOURS PREMIUMS DUE [7]

10/17/2015 – 12/31/15 (@ $8.75 x 3 days x 11 weeks) = $289
01/01/2016 – 12/31/16 (@ $9.00 x 3 days x 52 weeks) = $1,404
01/01/2017 – 12/31/17 (@ $11.00 x 3 days x 52 weeks) = $1,716
01/01/2018 – 12/31/18 (@ $13.00 x 3 days x 52 weeks) = $2,028
01/01/2019 – 10/12/19 (@ $15.00 x 3 days x 40 weeks) = $1,800
02/04/2020 – 02/22/19 (@ $15.00 x 19 days = $285

**TOTAL UNPAID SPREAD-OF-HOURS: $7,522.00**.

---

## TOTAL DAMAGES AND COSTS [8]

MINIMUM WAGES:         $71,347.40
OVERTIME:              $45,865.47
SPREAD-OF-HOURS:       $7,522.00

TOTAL UNPAID WAGES:    $124,734.87

---

[7] One extra hour's pay at the Minimum Wage Rate, for every shift lasting more than ten (10) hours.
[8] These damages do not include total Attorneys' Fees, Costs and Interest. These remain to be determined.

- 5 -

| | |
|---|---|
| LIQUIDATED DAMAGES: | $124,734.87. |
| | |
| TIME-OF-HIRE VIOLATION: | $5,000.00 |
| PAYSTUB VIOLATIONS: | $5,000.00 |
| | |
| PRE-JUDGMENT INTEREST: | TBD |
| POST-JUDGMENT INTEREST: | TBD |
| LEGAL FEES: | TBD |
| COSTS: | TBD * |

* As of April 1, 2020, the following costs and fees have accrued:
Filing Fee + Service of Process = $520.00. Attorney and non-attorney fees =

**TOTAL DAMAGES:     $259,469.74**

LAW OFFICES OF RICARDO R. MOREL
39-15 MAIN STREET, SUITE 318
FLUSHING, NEW YORK 11354
(718) 939-8880
(424) 362-8960

---

**RETAINER AGREEMENT**

DATE: March 2, 2020

RICARDO R. MOREL (Attorney)

HUA TIAN (Client)

---

The undersigned Client, residing in Flushing, NY, does hereby retain Ricardo R. Morel, Esq. in regard to that certain Matter as follows: to institute and prosecute a Complaint on Client's behalf, and on behalf of other similarly situated employees of New Ooki Sushi, Inc. and its officers, owners and managers, in the U.S. District Court, Southern District of New York, to recover unpaid wages and other relief, under the Fair Labor Standards Act and the New York Labor Law.

It is understood and agreed that the Client will pay to Ricardo R. Morel, Esq. the following fee for the services to be rendered:

**33.33%** of any and all sums recovered by way of settlement prior to instituting a lawsuit; or

**33.33%** of any and all sums recovered either as a result of trial or by way of settlement after a lawsuit has been instituted; or

**40%** of any and all sums recovered if any judgment is appealed, either on behalf of the Client or by any adverse party, or if garnishment or any proceeding after judgment has to be brought to collect the judgment or an portion thereof; or

**40%** of any and all sums recovered if the Matter is the subject of a retrial as ordered by a trial or appellate court.

The Client agrees that Ricardo R. Morel, Esq. may deduct from the proceeds of any recovery, the applicable fee as agreed upon above, along with all other fees, charges, and expenses as described herein for which the Client is responsible and which remain unpaid at the time the recovery proceeds are received.

1

Ricardo R. Morel, Esq. agrees to make no compromise or settlement in this Matter without the approval of the Client as to the specific settlement or compromise. Ricardo R. Morel, Esq. agrees to notify the Client whenever an offer of settlement or compromise is received by the Attorney, and to inform Client of the amount of that offer, and the recommendation of Attorney as to the acceptability thereof. Likewise, the Client agrees to make no compromise or settlement in this Matter without the approval of Ricardo R. Morel, Esq. The Client agrees to notify the Attorney whenever an offer of settlement or compromise is received by the Client, and to inform Attorney of the amount and terms of any such offer.

The Client agrees to give Ricardo R. Morel, Esq. a lien on the claims or causes of action and on the sum recovered by way of settlement and on any judgment that may be recovered thereon to the extent of the sums herein provided, as Ricardo R. Morel's fees and other fees, charges and expenses incurred. It is further agreed that Ricardo R. Morel, Esq. shall have all general, possessory or retaining liens, and all special or charging liens known to the common law or available under any and all applicable laws.

The Client hereby authorizes Ricardo R. Morel, Esq., and any persons or entities authorized by the Attorney, to fully investigate the facts and law relative to the Matter. Upon the conclusion of such investigation, Ricardo R. Morel, Esq. shall have the discretionary right to determine that it is not feasible to pursue the Matter, and upon notification to the Client of such determination, the said Attorney shall be entitled to withdraw from any further representation of the Client pursuant to this Agreement. In such event, no legal fees shall be payable to the Attorney, but the Client agrees to promptly pay Ricardo R. Morel, Esq. for all services rendered by the law office of Ricardo R. Morel, Esq., calculated on the basis of actual work hours expended at applicable hourly rates ($300/hr. for attorney and $95/hr. for paralegal/admin services), and for all other fees, charges, and expenses incurred pursuant to the above prior to the date of such withdrawal.

Ricardo R. Morel, Esq. will be the attorney in charge of this Matter, but the Client specifically authorizes and agrees that any other attorney, investigator, paralegal, secretary or other person in the firm, or an associated counsel in another firm, may, at the professional discretion of Attorney Ricardo R. Morel, Esq., perform necessary services under the direction of Attorney in charge.

_____
HUA TIAN (Client)
41-50 Quince Avenue
Flushing, NY 11355
(347) 822-5930

_____
RICARDO R. MOREL, ESQ. (Attorney)

2

## COSTS AND EXPENSES

Certain expenses (the "**Expenses**") may be incurred by us on your behalf during the Engagement Matter. You will reimburse us for all Expenses, which may include but are not limited to:

Filing Fees

Service of Process

Recording of Documents

Deposition Transcripts or Abstracts

Travel

Computerized Research (Westlaw, Lexis, etc. out of plan research)

Long Distance Telephone Calls

Photocopies

Courier Deliveries

Secretarial Overtime

Experts Engaged on Your Behalf

Interpreters & Translators

Paralegal Services

All other expenses reasonably necessary for proper performance of Legal Services

Dated: March 2, 2020

_____
HUA TIAN, Client

_____
RICARDO R. MOREL, ESQ.

RICARDO R. MOREL, ESQ.
39-15 MAIN STREET, SUITE 318
FLUSHING, NEW YORK 11354
(424) 362-8960
Esquire1998@gmail.com

## AMENDMENT TO RETAINER AGREEMENT

DATE:  December 12, 2020

RICARDO R. MOREL (Attorney)

HUA TIAN (Client)

The undersigned, HUA TIAN and RICARDO R. MOREL, ESQ. Client and Attorney, respectively, as and for an amendment to the Retainer Agreement dated March 2, 2020, hereby agree as follows:

1. Whereas Client and Attorney agreed that Attorney would be entitled to payment of One-Third (33.33%) of sums recovered by way of trial or settlement in the matter;

2. Whereas the matter was settled for $40,000.00 on December 8, 2020, but client requires $45,000.00, it is agreed that $5,000.00 will be reduced from the 1/3 legal fees.

3. Client understands that although legal fees will be reduced by $5,000.00, costs and expenses will be deducted from the amount recovered prior to disbursement.

Dated: 2020.12.16

HUA TIAN, Client

Dated: 12/16/2020

RICARDO R. MOREL, ESQ.

1