UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



HUA TIAN,

           Plaintiff,

-against-

NEW OOKI SUSHI, INC., et al.,

           Defendants.

20-CV-1950 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter dated December 23, 2020 (Joint Ltr.) (Dkt. No. 91), seeking approval of the their fully-executed Settlement Agreement (Ag.) (Dkt. No. 91-2) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants New Ooki Sushi, Inc. d/b/a Ooki Sushi Japanese Cuisine & Bar, Xin Shu Liu, and Baogui Ke (collectively, the Defendants) to pay $40,000.00 to settle this action. Ag. ¶ 2. This sum was arrived at after arms-length bargaining at a judicially-supervised settlement conference before the undersigned on December 8, 2020, *see* Joint Ltr. at 1, and according to the parties, represents approximately 15.42% of plaintiff's estimate of his maximum possible recovery (including actual damages, liquidated damages, attorneys' fees, and interest) should he succeed on all issues at trial. *Id.* at 2. Of that sum, $30,593.00 will go to plaintiff Hua Tian in full settlement of his claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), Ag. ¶ 3(b), and $9,407.00 will go to plaintiff's attorneys for their fees and expenses. *Id.* ¶ 3(a); *see also* Joint Ltr. at 3.[1]

---

[1] The Agreement provides that the payments will be made in four installments. The first payment of $30,000 will be due 7 days after court approval of the settlement agreement. Ag. ¶ 2(a). The second payment of $3,000 will be due 4 months after the first payment. *Id.* ¶ 2(b). The third payment of $3,000 will be due 1 month after the second payment. *Id.* ¶ 2(c). The fourth payment of

The Agreement includes two releases. Defendants release plaintiff "from all claims, debts, obligations or liability whatsoever, whether known or unknown, that they have or may have against Plaintiff in any way related to this Action." Ag. ¶ 5. Plaintiff, in turn, releases defendants "from any and all wage and hour claims" under the FLSA and NYLL. *Id.* ¶ 6. Although asymmetrical, the releases favor plaintiff – who is giving a narrower release than he receives – and thus raise no fairness issue under *Cheeks*. *See Mendoza v. LGRC Corp.*, 2020 WL 1974210, at *2 (S.D.N.Y. Apr. 24, 2020) (quoting *Vasquez v. La Rola Rest., Inc.*, 2019 U.S. Dist. LEXIS 62090, at *4 (S.D.N.Y. Apr. 9, 2019)) ("As this Court has previously observed, the purpose of the judicial review process mandated by *Cheeks* 'is to ensure that the agreement is fair and reasonable to the *plaintiff*.'"); *Gulluoglu LLC*, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (explaining that the court's concern for broad releases stems from the court's "obligation to police unequal bargaining power between employees and employers").

There is no confidentiality clause or other contractual restriction on any party's ability to speak about the case or its settlement. The proposed attorneys' fee award is lower than counsel's lodestar, as revealed by the attorney time records submitted to the Court. (Dkt. No. 91-1.) It is also $5,000 lower than the one-third contingency fee to which plaintiff agreed when he retained his counsel. (Dkt. No. 91 at ECF page 12.)

Having reviewed the terms of the Agreement, including the award of fees and expense reimbursement to plaintiff's counsel, the Court finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Although the settlement amount is significantly lower than plaintiff's estimated damages, plaintiff would face significant litigation risks at trial. Most notably, plaintiff's

---

$4,000 will be due 1 month after the third payment. *Id.* ¶ 2(d). All payments will be made to plaintiff's counsel, Ricardo Morel, and will be disbursed from the Attorney's Escrow (IOLA) account. *Id.* ¶ 2(e).

claims as to the hours he worked are inconsistent with the records produced by defendants. Thus, plaintiff would face the burden of showing that "the employer's records are unreliable, non-compliant and allegedly fictitious and contrived." Joint Ltr. at 4. Accordingly, the proposed settlement is **APPROVED**.

It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
      January 6, 2021

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**